630 So.2d 623 (1993)
Jan HAAVE, Appellant,
v.
TOR HUSFJORD SHIPPING A/S, f/k/a L.S. Elhu Shipping, Appellee.
No. 93-432.
District Court of Appeal of Florida, Third District.
December 21, 1993.
Rehearing Denied February 1, 1994.
Goldfarb & Gold, P.A., and Jonathan D. Wald, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., and Curtis J. Mase and Beverly D. Eisenstadt, Miami, for appellee.
Before JORGENSON, LEVY and GERSTEN, JJ.
PER CURIAM.
Jan Haave appeals from the trial court's order granting defendant's motion to dismiss for lack of subject matter jurisdiction. We have jurisdiction under Fla.R.App.P. 9.130. For the following reasons, we reverse.
Haave is a Norwegian citizen domiciled in Florida. In 1988, Haave began working for Tor Husfjord Shipping (Husfjord), a Norwegian corporation with an office and registered agent in Florida. Husfjord continuously *624 and voluntarily uses United States seaports, including Florida ports. On July 24, 1988, Haave was injured while working aboard Husfjord's vessel which was harbored in Puerto Limon, Costa Rica. On September 8, 1988, Haave initiated an action against Husfjord in the Dade County Circuit Court, pursuant to the Jones Act, 46 U.S.C.A.App. § 688 (West 1975 & Supp. 1993), and pursuant to general maritime law under the doctrine of unseaworthiness. On October 2, 1991, Husfjord moved to dismiss the complaint for lack of subject matter jurisdiction. The trial court granted the motion.
The United States Supreme Court has limited the subject matter jurisdiction of federal and state courts to hear Jones Act cases only where a sufficient nexus with the United States is present to warrant invoking subject matter jurisdiction. Hellenic Lines v. Rhoditis, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970); Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953). A court's determination as to whether such a nexus exists is guided by the following factors: (1) the place of the wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured seaman; (4) the allegiance of the defendant shipowner; (5) the place where the contract of employment was made; (6) the inaccessibility of the foreign forum; (7) the law of the forum. Rhoditis, 398 U.S. at 308, 90 S.Ct. at 1733, 26 L.Ed.2d at 255; Lauritzen, 345 U.S. at 583-91, 73 S.Ct. at 928-32, 97 L.Ed. at 1268-72. The Court in Rhoditis noted that these seven factors were "not intended as exhaustive," and added an eighth factor, the shipbuilder's base of operations. Rhoditis, 398 U.S. at 309, 90 S.Ct. at 1734, 26 L.Ed.2d at 256.
The trial court erred in its application of the subject matter jurisdiction test propounded in Lauritzen and Rhoditis. The trial court decided that several factors indicate an insufficient nexus for Jones Act purposes: (1) the place of the wrongful act was Costa Rica; (2) the vessel flies a Norwegian flag; (3) the allegiance of the shipowner is Norwegian; (4) the employment contract was executed in Norway;[1] (6) Haave, as a citizen of Norway, has access to the Norwegian courts; and (7) the principal base of operations of the shipowner is Norway. However, these factors, "are in the totality of the circumstances of this case minor weights in the scales compared with the substantial and continuing contacts that this alien owner has with this country." Rhoditis, 398 U.S. at 310, 90 S.Ct. at 1734, 26 L.Ed.2d at 257. As the Court explained in Rhoditis, the jurisdictional test is not mechanical. 398 U.S. at 308, 90 S.Ct. at 1734, 26 L.Ed.2d at 256. The test requires courts to do more than compare the number of factors for and against jurisdiction and make a decision based on this calculation. In fact, the Court in Rhoditis noted that a single factor may, at times, be sufficient. Id.
Husfjord clearly has substantial and continuing contacts with this country. Husfjord has a registered agent and an office in Florida and makes extensive use of United States and Florida seaports. See Rojas v. Kloster Cruise, A/S, 550 So.2d 59 (Fla. 3d DCA 1989) (overwhelming economic and commercial contacts between the vessel and its owner and the United States require the application of American law), rev. denied, 562 So.2d 346 (Fla. 1990). Moreover, the domicile of the injured seaman is one of the primary criteria of the jurisdictional test. See Kukias v. Chandris Lines, 839 F.2d 860, 862 (1st Cir.1988) (injured seaman's domicile a significant factor to consider in applying Lauritzen/Rhoditis test). We see no reason to require Haave, a domiciliary of Florida since 1981, to leave his wife and children in Florida and litigate his claim in Norway. As a matter of law, Haave's claim against Husfjord has a sufficient nexus with the interests of the United States so as to invoke subject matter jurisdiction under the Jones Act. Therefore, the trial court's order is reversed and this cause is remanded for proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] The employment contract was executed on board the vessel which flies a Norwegian flag; it is deemed executed in Norway.